■ JEANMARIE STEUNENBERG, Individually and as Administratrix of the Estate of WAYNE STEUNENBERG, Deceased, et al., Appellants, v HICKSVILLE FIRE DISTRICT, Respondent.—In an action to recover damages for wrongful death, the plaintiffs appeal (1) from an order of the Supreme Court, Nassau County (Ain, J.), dated July 21, 1986, which denied their motion to set aside the jury verdict in favor of the defendant on the issue of liability as against the weight of the evidence, and (2) from a judgment of the same court, dated September 15, 1986, which is in favor of the defendant in accordance with the jury verdict.

Ordered that the appeal from the order dated July 21, 1986 is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the defendant is awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see, Matter of Aho, 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (CPLR 5501 [a] [1]).

The plaintiffs' decedent, who was a member of a marching band which was performing for the Hicksville Fire District on June 11, 1983, suffered fatal injuries when he fell from an open fire pumper which had been transporting band members back to the parade area. The plaintiffs commenced an action seeking to recover damages for wrongful death and conscious pain and suffering. At the trial, the action was dismissed against the defendant driver of the vehicle upon motion made at the conclusion of the plaintiff's case. The case against the Fire District went to the jury and it returned a verdict in

favor of that defendant. Based upon the record before us, we cannot conclude that the jury could not have reached the verdict on any fair interpretation of the evidence presented at trial *(see, Nicastro v Park,* 113 AD2d 129).

The question of whether the fire pumper on which the plaintiffs' decedent had been riding prior to his fall was fit for the purpose of safely transporting lay passengers presented an issue of fact for the jury to resolve. In view of the testimony of a fellow band member to the effect that she had, on a number of prior occasions, been transported in open fire pumpers on which passengers had ridden while standing on the steps and holding on to the rail and that of the chief of the Hicksville Fire Department to the effect that the subject vehicle was constructed in such fashion as to allow passengers to ride on the rear and back steps, it cannot be said that the jury's determination was without rational basis.

While we are mindful that the court will more readily set aside the verdict where interest of justice factors have intervened *(see, Nicastro v Park, supra,* at 133), we determine that the plaintiffs' arguments regarding certain alleged trial errors do not require that a new trial be held.

Based upon the evidence, it was proper for the court to instruct the jury on the principle of assumption of risk *(see, Maddox v City of New York,* 66 NY2d 270; *Arbegast v Board of Educ.,* 65 NY2d 161). The record reveals that two vehicles had been provided for the band's transportation: an open and a closed one. The band members were not given any instructions by the Hicksville Fire District regarding where they should position themselves. There was no indication on the record that the closed vehicle was filled up before the open one, thus allowing the inference that it was the decedent's choice to ride on the open vehicle. Moreover, the decedent was encumbered with his trombone which he declined to put down during the ride. He chose, rather, to hold on to the truck with his right hand while holding the trombone with his left. With respect to the language used by the court, the issue is not preserved for appellate review since only a general objection was raised concerning whether the evidence would support giving the charge at all. In any event, we conclude that the language used was entirely proper *(see,* PJI 2:55) and that the court did not suggest to the jury that a finding that the decedent assumed the risk could absolve the defendant of all liability.

Finally, we have reviewed the plaintiffs' remaining contentions that the testimony of certain of their witnesses was

improperly restricted and find that the rulings made by the trial court constituted a proper exercise of its discretion. Mangano, J. P., Lawrence, Weinstein and Rubin, JJ., concur.